[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15385
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-60124-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FAUSTO CABALLERO MEJIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2009)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Fausto Caballero-Mejia appeals his 60-month sentence imposed after he

pleaded guilty to violating 8 U.S.C. § 1326 by re-entering the United States after having been deported. Caballero-Mejia argues: (1) that the district court improperly increased Caballero-Mejia's offense level by 16 levels at his sentencing; (2) that the district court erred in enhancing his sentence using a prior conviction not alleged in the indictment; and (3) that his 60-month sentence is substantively unreasonable. We affirm.

## I.

Caballero-Mejia first contends that the district court incorrectly calculated his offense level under the sentencing guidelines. At Caballero-Mejia's sentencing, the district court applied U.S.S.G. § 2L1.2(a) and therefore started with a base offense level of 8 for violating 8 U.S.C. § 1326. Under U.S.S.G. § 2L1.2(b)(1)(A), however, a defendant's base offense level is increased by 16 levels if the defendant "previously was deported . . . after— . . . (ii) a crime of violence." In this case, Caballero-Mejia had an earlier conviction for robbery. Robbery is listed as a "crime of violence" in U.S.S.G. § 2L1.2, Commentary, Application Notes (1)(B)(iii). Thus, the plain language of the guidelines supports the district court's 16-level increase in Caballero-Mejia's offense level.

Caballero-Mejia argues that the legislative intent behind § 2L1.2(b)(1)(A) implies that a crime must be an aggravated felony in order to qualify as a crime of

violence.  We rejected that argument in United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008) ("Because Gonzalez can point to no authority requiring a "crime of violence" to also constitute an "aggravated felony" . . . the district court committed no error [in increasing Gonzalez's offense level by 16 levels based on her past robbery conviction].").

Caballero-Mejia's prior robbery conviction meets the express definition of a "crime of violence" under §2L1.2(b)(1)(A)(ii) and therefore satisfies the requirements for a 16-level enhancement.  Accordingly, the district court did not err when it increased Caballero-Mejia's offense level by 16 levels.

## II.

Second, Caballero-Mejia contends that the district court violated his Fifth Amendment rights when it used his prior robbery conviction, which was not alleged in his indictment under 8 U.S.C. § 1326, to increase his sentence. Subsection 1326(a) outlaws reentry into the United States after deportation and provides for a maximum sentence of two years imprisonment.  Subsection 1326(b) allows penalties of up to ten or up to twenty years for aliens who re-enter the United States after deportation following the commission of certain crimes.  In this case, Caballero-Mejia was sentenced to 60 months (five years) based in part on his

prior robbery conviction.

Caballero-Mejia concedes that the Supreme Court has refused to accept his argument that the Fifth Amendment requires the prior conviction to be listed in his indictment. See Almendarez-Torres v. United States, 523 U.S. 224, 227, 118 S. Ct. 1219, 1222–23 (1998). In Almendarez-Torres, the Court rejected a defendant's claim that he could not be sentenced to more than two years under § 1362 because his indictment failed to list the prior aggravated felonies on which his 85-month sentence was based. Id. at 227, 118 S. Ct. at 1223. The Court stated:

> We conclude that the subsection [§ 1362(b)] is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime. Consequently, neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment.

Id. at 226–27, 118 S. Ct. at 1222. As Caballero-Mejia concedes, Almendarez-Torres remains good law until superseded by a statutory revision or overturned by the Supreme Court. See Gonzalez, 550 F.3d at 1324–25 (relying on Almendarez-Torres to reject a Fifth Amendment claim identical to Caballero-Mejia's). Accordingly, the district court did not err in sentencing Caballero-Mejia to more than two years, although the indictment did not include his predicate offense.

**III.**

4

Third, Caballero-Mejia contends that his 60-month sentence was substantively unreasonable. We review the substantive reasonableness of a sentence for an abuse of discretion. Gall v. United States, 552 U.S. __,__, 128 S.Ct. 586, 597 (2007). Caballero-Mejia, as the party who is challenging the sentence, "bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

In this case, Caballero-Mejia's guidelines range was 77 to 96 months. Caballero-Mejia argues that his 60-month sentence was substantively unreasonable because the predicate robbery offense occurred 14 years ago, when he was 18, and his only role was as the getaway driver. He also asserts that the district court failed to consider a new amendment to U.S.S.G. § 2L1.2, Application Note 7 (2008), which specifically authorizes a downward departure in cases where the "crime of violence" is not also an aggravated felony.

However, Application Note 7 became effective in November 2008, *after* Caballero-Mejia was sentenced. In any case, the Application Note does not require a downward departure, but only says that one "may be granted"—and here, Caballero-Mejia did receive a sentence below the guidelines range. In addition, the district court observed that Caballero-Mejia had been to prison twice before, and

5

stated that it felt the sentence provided adequate deterrence and protection for the public. Finally, Caballero-Mejia received the sentence that his attorney as much as requested. At sentencing Caballero-Mejia's attorney told the district court that "I think a sentence of 60 months under—based on these guideline calculations are—is a reasonable sentence." The district court was well within its discretion in sentencing Caballero-Mejia to 60 months.

**AFFIRMED.**